UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ANTHONY VINCENT ABEYTA, | Case No. 3:12-cv-00251-MMD-VPC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| ROBERT LEGRAND, et al., | |
| Respondents. | |

    This habeas matter comes before the Court for initial review of the petition as well as on petitioner's motions submitted with the petition. The filing fee has been paid.

    Petitioner's motion for leave to file a longer than normal petition will be granted to allow the filing of the pleading submitted.

    Petitioner's motion for appointment of counsel will be denied. The Sixth Amendment right to counsel does not apply in habeas corpus actions. See *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. See, e.g., *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965). The Court does not find that the interests of justice require that counsel be appointed in this case. While petitioner presents a

number of claims, he has demonstrated an adequate ability in his pleadings to articulate his claims *pro se* with the resources available to him. Nothing in the wholly form motion submitted leads to a contrary conclusion. While almost any lay litigant perhaps would be better served by the appointment of counsel, that is not the standard for appointment. The motion therefore will be denied.

Following upon the Court's initial review, service for a response will be directed.

It is therefore ordered that the Clerk of Court shall file the petition and accompanying motions and papers.

It is further ordered that petitioner's motion (currently dkt. no. 1-1) for leave to file a longer than normal petition is granted and that the Clerk shall reflect the grant of the motion as per this order in a manner consistent with the Clerk's current practice.[1]

It is further ordered that petitioner's motion (currently dkt. no. 1-4) is denied and that the Clerk shall reflect the denial of the motion as per this order in a manner consistent with the Clerk's current practice.

It is further ordered that the Clerk of Court shall make informal electronic service of this order and the petition upon the Nevada Attorney General as per the Clerk's current practice for such matters, which may include regenerated notice of electronic filing.

It is further ordered that respondents shall have sixty (60) days from entry of this order within which to respond, including potentially by motion to dismiss, to petition. Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter.

---

[1] The Court's grant of the motion extends only to authorizing the filing of the petition as presented, and the grant of the motion does not signify an implicit acceptance of any subsidiary arguments in the motion.
Moreover, the Court generally does not permit a petitioner to include state court record excerpts within the petition and/or to use an accompanying separate memorandum to elaborate on the statement of claims. The Court is looking through these deficiencies in form in this particular instance in order to move the case forward. The papers submitted present the claims in a sufficiently organized and comprehensible manner for respondents to prepare a response to the *pro se* papers as they now stand.

2

It is further ordered that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that respondents shall file a set of state court record exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, dkt. nos. 25-71. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

///

It is further ordered that counsel additionally shall send a hard copy of all exhibits filed, for this case, to the Las Vegas Clerk's Office.

It is further ordered that petitioner shall have thirty (30) days from service of the answer, motion to dismiss, or other response to mail a reply or response to the Clerk of Court for filing.

It is further ordered that, henceforth, petitioner shall serve upon respondents or, if an appearance has been entered by counsel, upon the individual deputy attorney general identified in the notice of appearance, at the address stated therein, a copy of every pleading, motion or other document submitted for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to respondents or counsel for respondents. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk that fails to include an appropriate certificate of service.

It is further ordered that all requests for relief must be presented by a motion satisfying the requirements of Rule 7(b) of the Federal Rules of Civil Procedure. The Court and the Clerk do not respond to letters and do not take action based upon letters.

DATED THIS 22nd day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE